"UNDER SEAL"

FILED
Charlotte, NC

JUL 15 2025

Clerk, US District Court
Western District NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRYL LANDIS SIMON,<br>Defendant | DOCKET NO. 3:25-cr-196-MOC<br>UNDER SEAL<br>BILL OF INDICTMENT<br><br>Violation: 21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 924(c) |

## THE GRAND JURY CHARGES:

### COUNT ONE
*(Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, Methamphetamine, and Fentanyl)*

From at least on or about January 26, 2024, to on or about June 12, 2024, within the Western District of North Carolina, and elsewhere, the defendant,

**DARRYL LANDIS SIMON,**

did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a controlled substance, which violation involved: (i) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (ii) methamphetamine (actual), a Schedule II controlled substance; (iii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Cocaine Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine is attributable to **DARRYL LANDIS SIMON,** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Quantity of Methamphetamine Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, fifty (50) grams or more of methamphetamine (actual) is attributable to defendant **DARRYL LANDIS SIMON,** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### Quantity of Fentanyl Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl is attributable to defendant **DARRYL LANDIS SIMON,** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

In violation of Title 21, United States Code, Section 846.

### COUNT TWO
*(Distribution of Methamphetamine)*

On or about January 26, 2024, in Union County, within the Western District of North Carolina, the defendant,

**DARRYL LANDIS SIMON,**

did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### COUNT THREE
*(Distribution of Methamphetamine)*

On or about April 22, 2024, in Anson County, within the Western District of North Carolina, the defendant,

**DARRYL LANDIS SIMON,**

did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### COUNT FOUR
*(Possession with Intent to Distribute Methamphetamine, Cocaine, and Fentanyl)*

On or about June 12, 2024, Anson County, within the Western District of North Carolina, the defendant,

**DARRYL LANDIS SIMON,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, to wit: (i) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (ii) methamphetamine (actual), a Schedule II controlled substance; (iii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### Quantity of Cocaine Involved

With respect to defendant **DARRYL LANDIS SIMON,** the offense charged in Count FOUR involved five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Quantity of Methamphetamine Involved

With respect to defendant **DARRYL LANDIS SIMON,** the offense charged in Count FOUR involved fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### Quantity of Fentanyl Involved

With respect to defendant **DARRYL LANDIS SIMON,** the offense charged in Count FOUR involved four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### COUNT FIVE
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about June 12, 2024, in Anson County, within the Western District of North Carolina, the defendant,

**DARRYL LANDIS SIMON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count FOUR of this Bill of Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

(a) Currency in the amount of $334,722, seized June 12, 2024, in the course of the investigation.
(b) A Glock 43x, SN: BYDE488, seized June 12, 2024, in the course of the investigation.
(c) A Taurus PT2477 SN: NCT21529, seized June 12, 2024, in the course of the investigation.
(d) A Mossberg .22 Rifle SN: EMG3829539, seized June 12, 2024, in the course of the investigation.
(e) A Smith and Wesson 5.56 Caliber SN: TT43217, seized June 12, 2024, in the course of the investigation.
(f) A Smith and Wesson Revolver SN: 150k310, seized June 12, 2024, in the course of the investigation.

A TRUE BILL



FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

ALFREDO DE LA ROSA
ASSISTANT UNITED STATES ATTORNEY